**BELL et ux. v. LESLIE.  (No. 3477.)**

Court of Civil Appeals of Texas.  Texarkana.
Feb. 16, 1928.

Jones & Taylor, of Henderson, for appellants.

Woolworth & Baker, of Carthage, for appellee.

LEVY, J. The suit was by appellee in trespass to try title to two tracts of land. He specially pleaded title to the tract of 55½ acres under deed from William Bell and wife to J. M. Lake, of date December 10, 1919, and to the tract of 50 acres under deed from William Bell and wife to A. A. Boles, of date December 9, 1918. William Bell and his wife pleaded that all of the 105½ acres of land was their homestead, and that the two deeds mentioned were in fact intended as mortgages to secure borrowed money, and which fact was known to the parties and the plaintiff. The appellee filed a plea specially denying the answer.

The jury made special findings to the effect that Bell and wife made a sale outright of the two tracts, and that the appellee had no notice of any claim to the contrary by Bell and wife. If an outright sale was made, then there is no dispute as to appellee's title. The evidence is conflicting upon the issues of fact in the case.

1. There was no error in refusing the requested charge, and there was no objection made to the form of the special issues submitted.

2. The other assignment of error relates entirely to evidence. The two deeds were in the form of absolute conveyances and were

registered. The evidence in behalf of defendants goes strongly to show an intended and understood mortgage of the land to secure payment of borrowed money. The evidence in behalf of plaintiff goes to show an outright sale of the land at the time of the two deeds.

This court cannot revise the jury verdict. The rule is firmly established that the verdict of the jury upon conflicting evidence will not be disturbed by the appellate court. See numerous cases.